# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

**UNITED STATE OF AMERICA**          )
    *Plaintiff-Appellee*          )
                   )
    *versus*          )
                   )
**Wiley Randolph Kuyrkendall**          )
    *Defendant-Appellant*          )
                 ) **Case: 17--60355**

### Kuyrkendall's Motion to Toll Time On the Appeal ("Motion")
### And
### Determination of The Subject Matter Jurisdiction ("Determination")

Comes now, Wiley Randolph Kuyrkendall, ("Kuyrkendall") *in propria persona*, without Assistance of Counsel with this **Motion and Determination.**

### Table of Contents

I. Introduction—Circuit Courts of the United States and Circuit Courts of Appeal .................................................................................................................... 2

II. Right to Vote in the Constitutions of the several States ....................................... 7

III. Fourteenth Amendment ........................................................................ 8

  A. Fourteenth Amendment Issues ........................................................ 8

  B. Corporations are "Persons" in the Fourteenth Amendment ........................... 11

IV. Fifteenth Amendment ........................................................................ 12

V. District Courts of the United States versus United States District Courts ......... 13

  A. Reviser's Notes .................................................................... 16

  B. Means is the Exclusive Use of Word that is a Term Defined ...................... 17

VI. Actions Of Kuyrkendall and Norah E. Bringer ("Bringer") .......................... 19

A. "UNITED STATES" versus "UNITED STATES OF AMERICA"...............21

   a. 5Th Circuit Cases are "United States of America" Not "United States"...... 23

   b. Federal Circuit Court Cases Are "United States" and Not "United States of

   America"...................................................................................................... 24

VII. Who Is the "United States of America?"......................................................... 24

VIII. Conclusion...................................................................................................... 25

IX. Declaration of Wiley Randolph Kuyrkendall.....................................................27

X. Certificate of Service......................................................................................... 29

## I. Introduction—Circuit Courts of the United States and  Circuit Courts of Appeal

     Kuyrkendall's has been pursued relentlessly with threatening letters *passim*, by the "UNITED STATES OF AMERCA" in a criminal trial Case No. 3-09-cr-18, S.D. Miss. USDC 2009, and now in the instant Case No. 3-14-cv-751, S.D.Miss. USDC.

     Kuyrkendall has been doing extensive research on the "UNITED STATES OF AMERICA" vs. "United States;" and, on the "District Court of the United States" and the "United States District Court;" and, on the "Circuit Court of the United States" vs. the "United States Court of Appeals."

     The **"United States"** was the ONLY real party of interest with standing and subject matter jurisdiction in the "Supreme Court of the United States," the "Circuit Courts of the United States," the "District Courts of the United States" and

the new "Circuit Courts of Appeals" established on March 3, 1891, 26 Stat. 826-830, being **Attachment 1—Establishment of Circuit Court in 26 Stat. 826, March 3, 1891 ("A1—Circuit Court").** This new Circuit Court of Appeals expanded the judicial Power of Circuit Courts of the United States limited constitutional judicial Power of the Judiciary Act of 1789, 1 Stat. 73-93, to **include as evidenced in A1—Circuit Court, Sec 15** "[S]hall have the same appellate jurisdiction, by writ of error or appeal, to review the judgments, orders, and decrees of the **supreme courts of the several Territories** (Article IV under the plenary Power of Congress jurisdiction) **as by this act . . .,**" thereby changing the supreme courts of the several Territories appeal to the Supreme Court of the United States.

In The Judicial Code of 1911, 36 Stat. 1087-1169 of March 3, 1911, Congress, it becomes evident that the "Circuit Court of Appeals" will not be exercising the judicial Power of the United States arising under Article III section 2 as the judicial Power of the "Circuit Courts of the United States" is imposed on the "District Courts of the United States" (Sec. 291) established in the 1 Stat. 73-93 in 1789 as evidenced by the excerpt of The Judicial Code of 1911, being **Attachment 2—Sections 289-296, 36 Stat 1167-1168 ("A2—Circuit Courts Abolished")** where the "judicial Power of the United States" is imposed in the "District Courts of the United States" and NOT in the new Circuit Court of Appeals.

This is further affirmed that the jurisdiction of the Circuit Courts of the United States was not transferred to the new Circuit Court of Appeal as evidenced in **Attachment 3—House Report 308, 80th Congress 1st Session April 25th, 1947, pgs. 1692-1700 ("A3—House Rpt. 1947")** pg. 1693 "The old circuit courts were abolished and their jurisdiction **transferred to the district courts.**"

Following through with the Circuit Courts of Appeal to the establishing of the bona filed National Court arising under Article III Section 2, being the Federal Circuit Court of Appeals that requires **"subject matter jurisdiction"** versus **"geography"** in the Circuit Courts—"The <u>Court of Appeals for the Federal Circuit differs from other Federal courts of appeals,</u> however, <u>in that its jurisdiction is defined in terms of subject matter rather than geography</u>" As evidenced by **Attachment 4—Senate Report No. 96-304, 96th Congress, 1st Session of the Federal Courts Improvement Act of 1979 ("A4—Senate Report No. 96-304").** This difference makes the 5th Circuit Court of Appeals ("5th Circuit") and the new Federal Circuit Court of Appeals ("Federal Circuit") TOTALLY different as explained in is explained in **A4—Senate Report No. 96-304, pg. 8-10 excerpt,** to wit:

### TITLE III-TRIAL AND APPELLATE STRUCTURE FOR GOVERNMENT

### CLAIMS, PATENTS, AND OTHER MATTERS

Title III has three purposes: to fill a void in the judicial system by

creating an appellate forum capable of **exercising nationwide jurisdiction over appeals in areas of the law where Congress determines there is a special need for nationwide uniformity;** * * *

    *Court of Appeals for the Federal* Circuit—**The bill creates an article III court** that is similar in structure to the eleven other courts of appeals. * * *

    The **Court of Appeals for the Federal Circuit differs from other Federal courts of appeals,** however, **in that its jurisdiction is defined in terms of subject matter rather than geography.** * * *

    Contemporary observers **recognize that there are certain areas of Federal law in which the appellate system is malfunctioning. A decision in any one of the eleven regional circuits is not binding on any of the others.** As a result, **our Federal judicial system lacks the capacity, short of the Supreme Court, to provide reasonably quick and definitive answers to legal questions of nationwide significance.** * * *.

    **The creation of a new Court of Appeals for the Federal Circuit through a merger of the Court of Claims and the Court of Customs and Patent Appeals (COPA) addresses these structural problems.** The Act provides a new forum for the definitive adjudication of selected categories of cases. At the same time, it improves the administration of the system by reducing the number of decision-making entities within the federal appellate system.

    **Testimony on S. 677 and S. 678 supported the premise that the capacity of the federal appellate courts to provide a nationwide answer to legal questions could be expanded through the establishment of new courts of appeals whose jurisdiction is defined on a topical rather than a geographical basis.** The creation of the **Court of Appeals for the Federal Circuit provides such a forum for appeals** from throughout the country in areas of the law where Congress determines that there is special need for national uniformity. The absence of such a court in the present. Federal judicial system has compelled Congress from time to time in the past to create special courts to handle a narrow category of cases. Although the jurisdiction of the federal circuit is presently delineated in the manner outlined above, the **creation of a Federal appellate court with jurisdiction that is defined in terms of subject matter rather than territory provides an institutional structure which the Federal judicial system, as it is presently constituted, lacks.** The committee has determined that an adequate showing has been made

for nationwide subject matter jurisdiction in the areas of patent and claims court appeals. It must be understood, however, that 1t is not the committee's judgment that broader subject matter jurisdiction is intended for this court. A proposal that would provide just such broader jurisdiction-a National Court of Appeals —has been expressly considered by the committee, and rejected. It must therefore be noted that any **additional subject matter, or geographic jurisdiction,** for the United States Court of Appeals for the Federal Circuit will require not only serious future evaluation, but new legislation.

This Court shall take judicial Notice of all **A5—Senate Report No. 96-304.**

Bringer conveniently does not plead or disclose the essential elemental difference of "subject matter jurisdiction" versus "geographical" in her Motion of why she wants Kuyrkendall back in the 5th Circuit versus the Federal Circuit as evidenced by **Attachment 5—Federal Circuit No. 17-1713, Docket 7 Motion to Transfer and Declaration ("A5—Transfer Motion").** Is that not intentional or negligent spoliation of evidence[1]?

With only approximately seventy-one (71) cases with usually very special circumstances required until 1913 where the "**UNITED STATES OF AMERICA**" appeared in any Court of the United States, which is derived from the research of Kuyrkendall using the Westlaw data base as the source and the advanced search engine of Westlaw's.

When the Seventeenth Amendment passed where the Legislatures of the several States no longer elected the Senators of the United States and also the

---

[1]*King v. Illinois Cent. R.R.*, 337 F.3d 550, 555-556 (5th Cir. 2003).

citizens of the several States were being denied the elective franchises as citizens of the several States replaced by only "citizens of the United States;" therein the "UNITED STATES OF AMERICA" became the real Party of Interest allegedly with standing and subject matter jurisdiction in the still constitutional "District Courts of the United States."

## II.  Right to Vote in the Constitutions of the several States

The question arises where is the right or privilege of voting arise under: The Constitution of the United States or the constitution of one of the several States? The answer is found in *United States v. Anthony*, 24 F.Cas. 829, , 829, 830 (Cir.Ct. N.D.N.Y. 1873), to wit:

> The thirteenth, fourteenth and fifteenth amendments were designed mainly for the protection of the newly emancipated negroes, but full effect must, nevertheless, be given to the language employed.
> * * *
> The **right of voting,** or the privilege of voting, is a right or privilege **arising under the constitution of the state**, and not under the constitution of the United States; and second, that a right of the character here involved is not one connected with **citizenship of the United States.**
> * * *
> [I]f rights of a citizen are thereby violated, they are of that fundamental class, **derived from his position as a citizen of the state, and not those <u>limited rights belonging to him as a citizen of the United States</u>**; and such was the decision in *Corfield v. Coryell*, 6 F.Cas. 546, 551, 552 (1823)

In *Kineen v. Wells*, 11 N.E. 916, 918, 919 (Sup.Jud.Ct.Mass. 1887), to wit:

If the legislature can impose certain restrictions upon one class of

voters, and exempt another, what is the limit to its discretion?

* * *

The **right or privilege of voting is a right or privilege arising under the constitution of each state,** and **not under the constitution of the United States.** The voter is entitled to vote in the election of officers of the United States by reason of the fact that he is a voter in the state in which he resides. He exercises this right because he is entitled to by the laws of the state where he offers to exercise it, and not because he is a citizen of the United States. *United States v. Anthony,* 24 F.Cas. 829, 830 (Cir.Ct. N.D.N.Y. 1873)

In *Corfield v. Coryell,* 6 F.Cas. 546, 551, 552 (1823), a case the Circuit Court of the United States has described the privileges and immunities of the citizens of the several States in great detail including this excerpt to which some additional protections under fourteenth Amendment were overlaid but the fundamental right of the elective franchise is still posited in the constitution of one of the several States, to wit:

> [M]ay be mentioned as some of the particular privileges and immunities of citizens, which are clearly embraced by the general description of privileges **deemed to be fundamental:** to which may be added, the **elective franchise, as regulated and established by the laws or constitution of the state in which it is to be exercised.**

### III.  Fourteenth Amendment

#### A.  Fourteenth Amendment Issues.

The Fourteenth Amendment does not have application in the District of Columbia as pronounced in *Wight v. Davidson,* 181 U.S. 371, 384 (1900) "[A]nd in respect to which the jurisdiction of Congress, in matters municipal as well as

political, is exclusive, **and not controlled by the provisions of the 14th Amendment."** See also *Philadelphia B. & W.R. Co. v. Tucker,* 35 App.D.C. 123, 131 (Ct.App. D.C. 1910).

Congress has plenary Powers for the citizens in the District of Columbia and certain issues of the National Government of the United States including the Power to Tax [Internal Revenue]; and, the Fourteenth Amendment doesn't apply to the District of Columbia; and, the Bill of Rights Amendments 1-VIII have been held applicable to the District of Columbia but not to the States and this is found in *Nelid v. District of Columbia,* 110 F.2d 246, 256-257 (D.C.Cir. 1940), to wit:

> Power to legislate for the District of Columbia is expressly delegated by the Constitution. Article I, Section 8, Clause 17, gives to Congress power 'To exercise exclusive **Legislation in all Cases whatsoever, over such District (not exceeding ten Miles square) as may, by Cession of particular States, and the Acceptance of Congress, become the Seat of the Government of the United States, * * * .** ' That delegation is sweeping and inclusive in character, to the end that Congress may legislate within the District for every proper purpose of government.[FN5 (cites omitted)] **Within the District of Columbia, there is no division of legislative powers such as exists between the federal and state governments. [FN6** (cites omitted)] Instead there is a consolidation thereof, [**FN7** (cites omitted)], which includes within its breadth all proper powers of legislation. [**FN8** (cites omitted)] Subject only to those prohibitions of the Constitution which act directly or by implication [**FN9** (cites omitted)] upon the federal government, **FN10.** Congress possesses full and unlimited jurisdiction [**FN11** (cites omitted)] to provide for the general welfare of citizens within the District of Columbia by any and every act of legislation, which it may deem conducive to that end. [**FN12** (cites omitted)] **In fact, when it legislates for the District, Congress acts as a legislature of national character, [FN13** (cites omitted)] **exercising complete legislative control as contrasted with the**

limited power of a state legislature, on the one hand, and as contrasted with the limited sovereignty which Congress exercises within the boundaries of the states, on the other. [FN14 (cites omitted)].

**FN10.** See also, *Wight v. Davidson*, 181 U.S. 371, 384, 21 S.Ct. 616, 45 L.Ed. 900, **holding the Fourteenth Amendment inapplicable to the District of Columbia. On the other hand, the rights and liberties protected by the bill of rights (Amendments I to VIII) against encroachment by the national government have been held applicable to the District although not to the states.**

*Ibid @ 256-257—* In *Lappin v. District of Columbia*, 22 App.D.C. 68— ited by appellants— this court, while stating that the Fourteenth Amendment **'does not purport to extend to authority exercised by the United States',** used language which is susceptible of the meaning that the equal protection clause of that amendment should be integrated into the law of the District. But there is no reason for confusion upon this point. **The Fourteenth Amendment is not applicable in the District of Columbia. [FN47] To the extent that the privilege of 'equal protection of the laws' exists in the District of Columbia it depends upon the due process clause of the Fifth Amendment and other provisions of the Constitution which are applicable to the federal government.** In a sense it may be said that every citizen **is entitled to the equal protection of the laws as they may be adopted and administered by the federal government throughout the land. But this privilege does not depend upon or arise out of the Fourteenth Amendment.**

**FN47.** *Wight v. Davidson*, 181 U.S. 371, 384, 21 S.Ct. 616, 621, 45 L.Ed. 900: 'It will, therefore, be perceived that there the court below and this court were dealing with a question arising under **the Fourteenth Amendment of the Constitution of the United States, which, in terms, <u>operates only to control action of the states,</u> and <u>does not purport to extend to authority exercised by the government of the United States</u>.**

The limitation on the states under the Fourteenth Amendment and not

the establishment of unalienable rights is found in *Munn v. Illinois*, 94 U.S.

113, 123, 124 (1876), to wit:

> To that part of amendment 14 which ordains that no State shall 'deprive any person of life, liberty, or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws.'
>
> * * *
>
> While this provision of the amendment is new in the Constitution of the United States, **as a limitation upon the powers of the States**, . . . and by the Fourteenth, as a **guaranty against any encroachment upon an acknowledged right of citizenship by the legislatures of the States**.

## B.  Corporations are "Persons" in the Fourteenth Amendment.

You will find corporations are "persons" in the "equal protection and due process clauses" of the Fourteenth Amendment, but you will not find "corporations" included as "persons" in the privileges and immunities with the citizens of the several States or included in the unalienable rights of natural persons: but only with the fictional status in the Fourteenth a corporation is acceptable.    The Defendants are in "persons" with corporations under the 14th Amendment.

In *Grosjean v. American Press Co.*, 297 U.S. 233, 244 (1936), to wit:

> The word 'liberty' contained in that amendment embraces not only the right of a **person** to be free from physical restraint, but the right to be free in the enjoyment of all his faculties as well. *Allgeyer v. State of Louisiana*, 165 U.S. 578, 589, 17 S.Ct. 427, 41 L.Ed. 832.

> Appellant contends that the **Fourteenth Amendment** does not apply to **corporations**; but this is only partly true. A **corporation, we have held**, is not a 'citizen' within the meaning of the privileges and immunities clause. Paul v. Virginia, 8 Wall, 168, 19 L.Ed. 357. But a

corporation is a 'person' within the meaning of the equal protection and due process of law clauses, which are the clauses involved here. *Covington & L. Turnpike Road Co. v. Sandford,* 164 U.S. 578, 592, 17 S.Ct. 198, 41 L.Ed. 560; *Smyth v. Ames,* 169 U.S. 466, 522, 18 S.Ct. 418, 42 L.Ed. 819.

In *First National Bank of Boston v. Bellotti,* 436 U.S. 765, 780 FN15

(1978), to wit:

> FN15.It has been settled for almost a century that **corporations are persons** within the meaning of the **Fourteenth Amendment.** *Santa Clara County v. Southern Pacific R. Co.,* 118 U.S. 394, 6 S.Ct. 1132, 30 L.Ed. 118 (1886); see *Covington & Lexington Turnpike R. Co. v. Sanford,* 164 U.S. 578, 17 S.Ct. 198, 41 L.Ed. 560 (1896).

## IV. Fifteenth Amendment

Does the Fifteenth Amendment[2] confer any right of suffrage on anyone with

the answer being no? In *Le Grand v. United States,* 12 F. 577, 578, 579 (Cir.Ct.

E.D.Tx. 1882), to wit:

> The fifteenth amendment can have no application. That amendment relates to the right of citizens of the United States to vote. It *579 does not confer the right of suffrage on any one. It merely invests citizens of the United States with the constitutional right of exemption from discrimination in the exercise of the elective franchise on account of race, color, or previous condition of servitude. *U.S. v. Reese,* 92 U.S. 214 (1875); *U.S. v. Cruikshank,* 92 U.S. 542 (1875); S.C. 1 Woods, 322.

---

[2] Section 1. The right of citizens of the United States to vote shall not be denied or abridged by the United States or by any State on account of  race, color, or previous condition of servitude.
Section 2. The Congress shall have power to enforce this article by  appropriate legislation.

## V.  District Courts of the United States versus United States District Courts

Congress in 1948 DID NOT abolish the "District Courts of the United States" established in the Judiciary Act of 1789, 1 Stat. 73-93, but combined them all of the various "District Courts of the United States," Article IV Courts, the District of Columbia Courts and Article I Courts as evidenced in the extensive "Judicial Code and Judiciary" of 1948, 62 Stat. 869-1009, June 25th, 1948.

But the "new" now styled "United States District Courts" codified in 28 U.S.C. § 132 conclusively proves that they do not arise under the limited jurisdiction of Article III Section 2 evidenced by Official Publication of Title 28 by West Publishing Co. Official Legislative History and Reviser's Notes being **Attachment 6—Title 28 United States Code Congressional Service, Pages 1487-2174, 60th Congress—2nd Session ("A6—Title 28 USDC") excerpts of the Cover, pgs. i-xxx, pg. 1467, pg. 1521, pgs. 1536-1537 and pg. 1732.**

**On A6—Title 28 USDC pg. 39 of 40, Section 451,** with the term "court of the United States" including all courts including Article IV territorial courts and then especially the ruse of "district courts **construed  by chapter 5 of this title.**" Then we find "The terms **"district court"** and **"district courts of the United States" means** the courts **constituted by chapter 5 of this title.**" Also, the ruse of "The "district" and "judicial district" **mean** the districts **enumerated in Chapter 5**

**of this title**."

So now where is the judicial Power of the United States arising under Article III Section 2 for all cases and controversies of the constitutional "District Courts of the United States" that is now combined with the "**courts constituted by chapter 5,**" *supra,* evidenced by A4—Title 28 pg. 39 of 40?

In **A6—Title 28 USDC, Title 28 § 132— Creation and composition of district courts,** pg. 37 of 40 [pg. 1521], to wit:

> **§ 132. Creation and composition of district courts**[3]
> (a) There shall be in each judicial district[4] a district court[5] which shall be a court of record known as the **United States District Court** for the district[6].
> (b) Each district court[7] shall consist of the district judge or judges for the district[8] in regular active service. Justices or judges designated or assigned shall be competent to sit as judges of the court.
> (c) Except as otherwise provided by law, or rule or order of court, **the judicial power of a district court**[9] with respect to any action, suit or

---

[3] 28 U.S.C. § 451—The terms **"district court"** and **"district court of the United States" mean** the **courts constituted by chapter 5 of this title.**

[4] 28 U.S.C. § 451—The term **"district"** and **"judicial district" mean** the **districts** enumerated **in Chapter 5 of this title.**

[5] 28 U.S.C. § 451—The terms **"district court"** and **"district court of the United States" mean** the **courts constituted by chapter 5 of this title.**

[6] 28 U.S.C. § 451—The term **"district"** and **"judicial district" mean** the **districts** enumerated **in Chapter 5 of this title.**

[7] 28 U.S.C. § 451—The terms **"district court"** and **"district court of the United States" mean** the **courts constituted by chapter 5 of this title.**

[8] 28 U.S.C. § 451—The term **"district"** and **"judicial district" mean** the **districts** enumerated **in Chapter 5 of this title.**

[9] 28 U.S.C. § 451—The terms **"district court"** and **"district court of the United States" mean** the **courts constituted by chapter 5 of this title.**

proceeding may be exercised by a single judge, who may preside alone and hold a regular or special session of court at the same time other sessions are held by other judges.

**Does this "judicial power of a district court" for the "United States District Courts" in 28 U.S.C. § 142 arise under Article III Section 2, to wit:**

Section 2. **The judicial Power** shall extend to all Cases, in Law and Equity, arising **under this Constitution,** the Laws of the United States, and Treaties made, or which shall be made, under their Authority.

The answer is conclusively a resounding, "NO, as this is not the "judicial Power of the United States.[10]"

Where is the incontrovertible evidence of the source of these new "United States District Courts" that claim "the judicial power of a district court?"

This is conclusively evidenced in the reviser's notes in **A6—Title 28 § 132––Section Revised, pg. 40 0f 40 [1732]**, to wit:

**Based on title 28, U.S.C., 1940 ed., § 1, and section 641 of title 48, U.S.C., 1940 ed., Territories and Insular Possessions** (Apr. 30, 1900, ch. 339, § 86, 31 Stat. 158; Mar. 3, 1909, ch. 269, § 1, 35 Stat.838; Mar. 3, 1911, ch. 231, § 1, 36 Stat. 1087; July 30, 1914, ch. 216,38 Stat. 580; July 19, 1921, ch. 42, § 313, 42 Stat. 119; Feb. 12, 1925,ch. 220, 43 Stat. 890; Dec. 13, 1926, ch. 6, § 1, 44 Stat. 19).

Section consolidates section 1 of title 28, U.S.C., 1940 ed., and

---

[10] *Morrison v. Olson,* 487 U.S. 654, 677 (1988) "We have long recognized that by the express provision of **Article III,** the **judicial power of the United States** is limited to "Cases" and "Controversies." See *Muskrat v. United States,* 219 U.S. 346, 356, 31 S.Ct. 250, 253, 55 L.Ed. 246 (1911)."

>

,

section 641 of title 48, U.S.C., 1940 ed., **with changes in phraseology necessary to effect the consolidation.**

**Subsection (c) is derived from section 641 of title 48, U.S.C.**, 1940 ed., **which applied only to the Territory of Hawaii**. The revised section, by extending it to all districts**, merely recognizes established practice.**

Other portions of section 1 of title 28, U.S.C., 1940 ed., are incorporated in sections 133 and 134 of this title. The remainder of section 641 of title 48, U.S.C., 1940 ed., is incorporated in sections 91 and 133 of this title.

The **SOLE** source codified in 28 U.S.C. § 132(c) for the "United States District Courts" does not arise under Article III Section 2 for the judicial Power of the United States under the Constitution of the United States but **28 U.S.C. § 132(c) is from Title 48—Territories and Insular Possessions, with "the judicial power of the district court" in (c) being from the "Territory of Hawaii" . . . [by] merely recognizes established practice."** The authority is "merely recognizes established practice" and doesn't arise under Article III of the Constitution of the United States. Unbelievable!

## A. Reviser's Notes.

It is well settled that the reviser's notes are authoritative in interpreting the Code. See *United States v. National City Lines,* 337 U.S. 78, 81 (1949); *Stainback v. Mo Hock Ke Lok* Po, 336 U.S. 368 n. 12 (1949); *Aberdeen & Rockfish R. Co. v. Students Challenging Regulatory Agency*, 422 U.S. 289, 309 (1975); *Western Pac. R. Corp. v. Western Pac. R. Co.*, 345 U.S. 247, 254-255 (1953); *Pope v. Atlantic*

*Coast Line R.Co.*, 345 U.S. 379, 384 (1953); *Tivoli Realty v. Paramount Pictures*, 80 F.Supp. 278, 280 (D. Del. 1950); *United States v. Thompson*, 319 F.2d 665, 669 (1963) (2nd Cir. 1963); *United States ex rel. Almeida*, 195 F.2d 815 (3rd Cir. 1952); *Adamowski v. Bard*, 193 F.2d 578, 581 (3rd Cir. 1952); *United States ex rel. Auld v. Warden of New Jersey State Penitentiary*, 187 F.2d 615 n. 1 (3rd Cir. 1951); *Lake v. New York Life Ins. Co.*, 218 F.2d 394, 398 (4th Cir. 1955); *Government Nat. Mortg. Ass/n v. Terry*, 608 F.2d 614, 618 n. 5 (5th Cir. 1979); *Acron Investments, Inc. v. Federal Sav. & Loan Ins. Corp.*, 363 F.2d 236, 240 (9th Cir. 1966); *Ragsdale v. Price*, 185 F.Supp. 263, 265 (M.D. Tenn. 1960); *Wham-O-Mfg. Co. v. Paradise Mfg. Co.*, 327 F.2d 748, 752 (9th Cir. 1964); *Stauffer et al. v. Exley*, 184 F.2d 962, 964 (9th Cir. 1950); *King v. United States*, 390 F.2d 894, 913 (Ct.Cl. 1968) [28 U.S.C. 2201-02]; *Matter of Contest of General election on Nov. 8, 1977*, 264 N.W.2d 401, 405-405 (Sup. Ct. Minn. 1978); *United States v. Klock*, 100 F.Supp. 230, 233 (N.D. N.Y. 1951); *State ex rel. v. Shoemaker*, 39 N.W.2d 524, 528 (Sup. Ct. S.D. 1949); *Glenn v. United States*, 129 F.Supp. 914, 917 (S.D. Cal. 1955).

## B. Means is the Exclusive Use of Word that is a Term Defined.

It is a well settled fact that when an **exclusive definition is intended the word 'means' is employed**".

In *Verbie · v. Morgan Stanley Smith Barney, LLC*, 148 F.Supp.3d 644 (E.D.Tenn. 2015) "*See* 15 U.S.C. § 78u-6(a) (noting that the definition "shall

apply" throughout the section); *see also Burgess v. United States*, 553 U.S. 124, 131 n. 3, (2008) (describing a **definition** that **uses** the term "**means**" as **exclusive** and a definition that uses that term "**includes**" as **nonexclusive**)." * * * @ 656 "This conclusion is fortified by the fact that when an **exclusive definition is intended the word 'means' is employed**".  In *Burgess v. United States*, 553 U.S. 124, 131 n. 3 ""[T]he word '**includes**' is usually a term of enlargement, and not of limitation." 2A Singer § 47:7, p. 305 (some internal quotation marks omitted). Thus "[a] term whose statutory definition declares what it 'includes' is more susceptible to extension of meaning ... than where"—as in § 802(44)—"the definition declares what a term 'means.' " *Ibid*. See also *Groman v. Commissioner*, 302 U.S. 82, 86, (1937) "[W]**hen an exclusive definition is intended the word 'means' is employed**, ... whereas here the word used is 'includes."

In *Groman v. Commissioner*, 302 U.S. 82, 86 (1937) "This conclusion is fortified by the fact that when an **exclusive definition is intended the word 'means' is employed.**" See also *In re Barnet*, 737 F.3d 238, 248 (2nd Cir. 2013); *Verble v. Morgan Stanley Smith Barney*, 148 F.Supp.3d 644, 653 (E.D.Tenn. 2015).

In *United States Navy-Marine Corps Court of Military Review v. Cheney*, 29 M.J. 98, 103 (C.M.A. 1989) "Where Congress intended a more **exclusive definition**, it used the word "**means**,"  In *State v. Begay*, 225 P.3d 108, 111 (App.Ct.Ore. 2010). In *Berman v. Neo@Ogilvy LLC*, 801 F.3d 145, 156 (2nd Cir.

2015) *see also United States v. DiCristina,* 726 F.3d 92, 99 (2d Cir.2013) (quoting *Groman v. IRS,* 302 U.S. 82, 86 (1937) (**"When an exclusive definition is intended the words means is employed."**)). In *United States v. CiCristina,* 726 F.3d 92, 96, 100 (2nd Cir. 2013) *See Groman v. Comm'r of Internal Revenue,* 302 U.S. 82, 86 (1937)" *see also Conn. Nat'l Bank v. Germain,* 503 U.S. 249, 253–54, (1992) ("We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there.") * * * "[W]hen an **exclusive definition is intended the word 'means' is employed....")"**

In *Haeger Potteries v. Gilner Potteries,* 123 F.Supp. 261, 267-268 (S.D.Cal. 1954) "Use of the phrase 'shall mean and include' indicates that the **statutory definition** was not intended to be restrictive or **exclusive.** *Athens Lodge No. 70 v. Wilson,* 1953, 117 Cal.App.2d 322, 255 P.2d 482."

### VI.  Actions Of Kuyrkendall and Norah E. Bringer ("Bringer")

As there are three essential Elements for an Appellant to establish in the Appellant's Brief as follows:

**First (1)** establish the **"Subject Matter Jurisdiction"** for the Federal Circuit or the 5th Circuit; and,

**Second (2)** to establish the **"Personal Jurisdiction"** of Kuyrkendall in the Federal Circuit or the 5th Circuit; and,

**Three (3)** establish standing as counsel for the "UNITED STATES OF

AMERICA" in the Federal Circuit or the 5th Circuit is a *sine qua non* of Norah E. Bringer ("Bringer").

Did Bringer have standing to raise this Question to the Federal Circuit of the essential element of **"subject matter jurisdiction"** Motioning the Federal Circuit to move Kuyrkendall's Case back to the 5th Circuit that was being appealed form "United States District Court"[11] for the Southern District of Mississippi ("USDC") with the **Plaintiff** being the *"UNITED STATES OF AMERICA" v. Kuyrkendall, et al.*, **3-14-cv-751 (S.D. Miss. 2016)** as evidenced by the **Attachment 7—Docket Sheet of USDC S.D. Miss., Case 3-14-cv-751 ("A7—USDC")** therefore flows *a fortiori* the real party of interest was the "UNITED STATES OF AMERICA."

In the Federal Circuit Kuyrkendall filed in a Notice of Appeal with the real party of interest with standing being the "United States" evidenced by Kuyrkendall's Notice of Appeal to the Federal Circuit, being **Attachment 8— Notice of Appeal to the Federal Circuit ("A8—Notice of Appeal')**.

**Bringer** confirmed the real party of interest was the **"United States"** in the Federal Circuit by filing an appearance **"As counsel for United States"** evidenced by **Attachment 9–Bringer Entry of Appearance For The Federal Circuit ("A9– –Bringer Appearance Fed.Ct.")** under Bringer's signature.

Bringer Motioned the Federal Circuit to remove Kuyrkendall's Federal

---

[11] See 28 U.S.C. § 132, *supra.*

Circuit Case No. 17-1713 with the **"UNITED STATES"** being the "Defendant-Appellant" in Bringers Motion and Declaration where Bringer did state "I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.    Executed on March 16, 2017, in Washington, D.C. /s/ Norah E. Bringer NORAH E. BRINGER," being **A5—Transfer Motion, pg. 10** and Bringer on page 9 "[A]nd in that capacity I have been assigned the primary responsibility for handling the **above-captioned case** on behalf of the **appellee [UNITED STATES].**"    Doesn't a declaration under the penalty of perjury as true and correct of 28 U.S.C. § 1746 that is used as evidence[12] mean something or not?

### A.  "UNITED STATES" versus "UNITED STATES OF AMERICA"

From A7—USDC, the clerks in USDC in Mississippi filed Kuyrkendall's Appeal in the 5th Cir. even though Kuyrkendall filed in a Notice of Appeal to the Federal Circuit with the **"The United States"** as evidenced in the Docket 1 of the 5th Circuit being **A8—Notice of Appeal** wherein, the 5th Cir. opened the appeal with **Case No. 17-60031** as **"UNITED STATES OF AMERICA"** as the "Plaintiff—Appellee" with "Robert E. Dozier, **U.S. Department of Justice**, Tax

---

[12] See *Davis v. Frapolly*, 756 F.Supp. 1065 (USDC, N.D.,E.Div. Ill 1991)

Division, P.O. Box 14193, Ben Franklin Station, Washington, D.C. 20044-0000" being listed as "representing" the **"UNITED STATES OF AMERICA"** evidenced by **Attachment 10—Docket Sheet of 5th Cir. ("A10—5th Cir. Docket").**

Now in the Federal Circuit evidenced by **Attachment 11—Docket Sheet of the Federal Circuit ("A11—Fed. Cir. Docket"),** the Federal Circuit has opened an Appeal with Case No. 17-1613 with the **"UNITED STATES"** as the **Plaintiff-Appellee."**

As evidenced by **A9—Bringer Appearance Fed.Ct..** Bringer claims to be "As Counsel for **United States."**

With Kuyrkendall's Federal Circuit Case No. 17-1713 reassigned back into the 5th Circuit evidenced by **Attachment 12—5th Circuit Case No. 17-60335 ("A12—5th Cir. No. 17-60335"),** now the Plaintiff-Appellee is back to "UNITED STATES OF AMERICA" from the "UNITED STATES" in the Federal Circuit NO. 17-1713.

Bringer filed an appearance in 5th Circuit No. 17-60355 as evidenced by **Attachment 13—Appearance Form of Bringer in 5th Circuit ("A13—Appearance 5th Cir. Bringer")** as "Counsel for **United States of America**" instead of the "Counsel for the **United States**" in the Federal Circuit No. 17-1713 under Bringer's signature. Bringer is also trying a CON as in the short title Bringer has entered "United States" instead of the "United States of America."

### a. 5ᵀʰ Circuit Cases are "United States of America" Not "United States"

Kuyrkendall looked up cases in the 5ᵗʰ Circuit on Pacer and the short title always **"United States of America"** (Not the "United States" as Bringer tried to slip to cover for "United States" in the Federal Circuit) and appearance forms are always "Counsel for the **United States of America.**"

This is evidenced by the following, to wit:

(1)  Attachment 14—Case No. 17-60304 Appearance of "United States of America;" and,

(2) Attachment 15—Case No. 17-60308 Appearance of "United States of America;" and,

(3)  Attachment 16—Case No. 17-60309 Appearance of "United States of America;" and,

(4) Attachment 17—Case No. 17-60328 Appearance of "United States of America;" and,

(5)  Attachment 19—Case No. 17-60344 Appearance of "United States of America;" and,

(6) Attachment 20—Case No. 17-60346 Appearance of "United States of America;" and,

(7)  Attachment 21—Case No. 17-60347 Appearance of "United States of America."

### b. Federal Circuit Court Cases Are "United States" and Not "United States of America"

Kuyrkendall looked up cases in the Federal Circuit and they are "Counsel for United States" and not Appearance Forms for "Counsel for United States of America" evidenced by the following, to wit:

(1)  Attachment 22—Case No. 17-1667 Appearance of "United States of America;" and,

(2) Attachment 23—Case No. 17-1669 Appearance of "United States of America;" and,

(3)  Attachment 24—Case No. 17-1688 Appearance of "United States of America;" and,

(4) Attachment 25—Case No. 17-1695 Appearance of "United States of America;" and,

(5)  Attachment 26—Case No. 17-1723 Appearance of "United States of America;" and,

(6) Attachment 27—Case No. 17-1724 Appearance of "United States of America."

### VII.  Who Is the "United States of America?"

The "United States of America is a sovereign body politic" evidenced by the following Complaints with the **First** case evidenced by a true and correct copy of Attachment 28—*UNITED STATES OF AMERICA v. STEVENS, et. seq.,* 3:13-

cv-375 (USDC Middle Dist. Fla. Jacksonville Div. 2013) Docket 1—Complaint ("A28—Complaint 1") pg. 3 #6 "Plaintiff, the United States of America, is a sovereign body politic." This is an Internal Revenue Case Reduce to Judgement exactly like Kuyrkendall's Case in Mississippi that is signed by Alexander J. Merton, of the U.S. Department of Justice in Washington, D.C.

The **Second** case evidenced by a true and correct copy of **Attachment 29— *UNITED STATES OF AMERICA v. MACALPINE*, 1:13-cv-53 (USDC Western Dist. N.C. 2013) Docket 1—Complaint ("A29—Complaint 2") pg. 1 #5 "Plaintiff, the United States of America, is the sovereign body politic."** This is an Internal Revenue Case Reduce to Judgement exactly like Kuyrkendall's Case in Mississippi that is the subject of this Appeal.

### VIII. Conclusion.

Kuyrkendall could provide an much more extentive but Kuyrkendall has provided extensive evidence that Bringer is **"Counsel for United States"** in the Federal Circuit and **"Counsel for United States of America"** in the 5th Circuit, wherein and at two identical reduce to judgement cases the "United States of America is a sovereign body Politic.

Bringer should be sanctioned for her actions as attesting to be the counsel for both the "United States" and "United States of America" with the exactly same case being appealed by Kuyrkendall in two different Appeals Courts as Bringer's

actions are NOT a paradigmatic exercise arising under the Constitution of the United States.

As Kuyrkendall is unable to provide the "Subject Matter Jurisdiction" for an Appeal in the 5th Circuit and this essential Element has shifted to Bringer as she has plead that the 5th Circuit has "Subject Matter Jurisdiction;" and further, Kuyrkendall has no defense against the "United States of America is a sovereign body politic" as the real Party of Interst as Kuyrkendall can understand the "United States" that comprises of the Union of the several States. Kuyrkendall is convinced that Bringer can clariify this issue of how the "The United States of America is a soverign body Politic" has standing to any court of the United States arising under Article III Section 2.

And futher, Kuyrkendall is Motioning this Court to Compell Bringer how and who is the "United States of Amerca" in this instant case; and futher, to compel Bringer to establish "Subject Matter Jurisdiction" and "Personal Jurisdiciton" as Kuyrkendall is NOT a "citizen of the United States," of which he has evidence under Evidence Rule 901(7) and to claim to be a "citizen of the United States" is a felony under 18 U.S.C. § 911, wherein Kuyrkendall will wait for Bringer to provide said evidence by Declaration or Affidavit.

And further, Kuyrkendall Motions this Court to toll any Appeal until Bringer complies with the issues in this Conclusion, *supra.* Two maxiums in law, ***Impotentia excusat legem*** and ***Lex non cogit ad impossibilia***.

My Hand,

## IX. Declaration of Wiley Randolph Kuyrkendall

I, Wiley Randolph Kuyrkendall, do hereby state the following:

1. My true name is Wiley Randolph Kuyrkendall.

2. I am of the age of majority and competent to testify to the facts in this Motion and this Declaration.

3. I am a "citizen of Mississippi.

4. I am domiciled in Mississippi, one of the several States.

5. Kuyrkendall has no facts to support how Nora E. Bringer can be the "Counsel for United States" in the Federal Circuit and change to being the "Counsel for United States of America" in the 5th Circuit on the same exact Case from Mississippi being appealed.

6. Kuyrkendall has no evidence of the who the "United States of America is a sovereign body politic" actually is presuming it is Congress.

7. The duty to establish who the "United States of America" devolves upon Bringer as she as stated in her Declaration that is counsel for the "United States of America.

8. Bringer has provided no facts on the difference between the Federal Circuit and the 5th Circuit to Kuyrkendall as to "subject matter jurisdiction" versus "geographical" location used by the 5th Circuit.

9. Kuyrkendall is not a "citizen of the United States" as used by the IRS.

10. All of the attachments are true and correct copies of public records.

I, Wiley Randolph Kuyrkendall, do declare under the penalty of perjury pursuant to 28 U.S.C. § 1746 that foregoing facts in this Motion and this Declaration are true and correct. Executed on May 17, 2017 in Mississippi.

_____
Signature of Wiley Randolph Kuyrkendall

## X.  Certificate of Service

I, do hereby certified that this Motion and all

attachments were mailed via USPS first class or

UPS to the following parties, to wit:

**Clerk of Court**
**Fifth Circuit Court of Appeals**
600 South Maestri Place
New Orleans, Louisiana 70130-3408

**Norah E. Bringer**
**U.S. Department of Justice**
Tax Division, Appellate Section
P.O. box 502
Washington, D.C. 20044

Date: 6/19/17